CHARLES WADE, Plaintiff, v. B. RINGO, Defendant; GEORGE W. ADAMS, Receiver, Respondent; FIRST NATIONAL BANK OF MEXICO, Intervening Petitioner, Appellant.

St. Louis Court of Appeals, May 7, 1895.

1. **Receivers**: LEAVE OF COURT TO SUE. Conceding that, before suit is brought against a receiver, leave therefor should be obtained from the court having charge of the receivership, the rule is sufficiently complied with when the leave is obtained from the judge of that court in vacation, and the suit is afterward tried by that court.

2. **Creditors' Bill**: FUNDS IN HANDS OF RECEIVER. Funds in the hands of a receiver, appointed to hold the same until a determination is had of conflicting claims thereto, may, prior to such determination, be subjected to the payment of a judgment against all of the claimants.

3. ———: EXHAUSTING REMEDY AT LAW. A judgment creditor, who has exhausted his remedy at law, is entitled to the aid of equity to reach assets which can not be seized at law, and the return of his execution unsatisfied is sufficient to show that he has exhausted his legal remedy, though the judgment debtor owns land which is incumbered by a mortgage in excess of its value.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED (*with directions*).

*J. G. Trimble* for appellant.

*W. W. Fry* for respondent George W. Adams, receiver.

*George Robertson* for defendant.

BOND, J.—C. Wade exchanged his stock in trade as a retail furniture dealer for a half interest in a

device for a folding bed belonging to B. Ringo, who had applied for a patent thereon. After this trade B. Ringo became the surety of Wade on two notes for $1,000 and $700, respectively, payable to the First National Bank of Mexico,. Missouri. Subsequently Wade brought suit to rescind his trade with Ringo, which was dismissed in the circuit court, whose judgment was affirmed on appeal to the supreme court (28 S. W. Rep. 901), whereupon the case was taken by writ of error to the supreme court of the United States, where it is now pending. In the suit for rescission a receiver was appointed to conduct the furniture business sought to be reacquired by plaintiff. The circuit court removed the receiver first appointed, and substituted in his stead the sheriff, and thereafter ordered him to sell out the stock in trade, which was done at the June term, 1893, netting $4,000. During the progress of these proceedings the bank recovered judgment in January, 1893, against Wade and Ringo on the aforesaid notes. After the return of an execution on said judgment unsatisfied, the bank filed an intervening petition in the suit of Wade and Ringo, making both parties, and the receiver therein appointed, defendants, and seeking to subject the assets impounded in said case to the payment of its judgment against the parties. Leave was given to file said petition on the fifteenth of June, 1892, by the circuit judge in vacation. Ringo answered this intervening petition, claiming that he was not liable on the joint judgment against Wade and himself, because the petitioner contracted with him, at the time he signed said notes as surety for Wade, that before calling on him to pay any part of said notes, it would exhaust certain collateral securities received from Wade, and further because said petitioner caused the execution issued on its judgment to be withheld from levy on the property of the principal,

and, for a valuable consideration and without the knowledge of said Ringo, extended the time for the payment of said judgment; and Ringo further answered that said Wade then owned property subject to execution out of which such judgment could have been collected. The answer of the receiver Adams was that he held the property as such subject to the control of the court during the continuance of the suit, wherein he was appointed; that the intervening petition was filed against him without any order of court, wherefore his possession should not be disturbed. Wade made no answer to the intervening petition.

On the hearing it appeared that an execution was issued on the petitioner's judgment, which was dated June 22, 1892, and ran against Wade and Ringo and was held up by order of petitioner and returned unsatisfied; that a second execution was issued on December 13, 1892, which was held up for twenty-five days by order of petitioner's attorney, and was returned unsatisfied January 18, 1893. It appears from the evidence that neither of the defendants had any property subject to execution during the issuance and life of said executions against them, except a one eighth interest of Wade in his deceased father's estate in process of settlement which was mortgaged beyond its value, and except certain real estate owned by Ringo which was also mortgaged beyond its value. The court dismissed the intervening petition, from which this appeal is taken.

It is insisted by respondent that the leave granted by the judge in vacation to the intervener to make the receiver a party defendant was unauthorized. Conceding the rule that, before suit is brought against a receiver, license should be granted by the court appointing him, there is no doubt that this rule is practically complied with, when a suit, permitted to be

brought by a judge in vacation, is afterward tried by him in term time. Such a subsequent entertainment and trial of the suit is equivalent to a direct authorization for its institution. The objection, therefore, that the court had no jurisdiction to determine the cause is without merit.

It is next urged by respondent that this was a creditor's bill, and that it could not be brought until plaintiff exhausted its legal remedies. There is no question as to the soundness of this position as a general rule. *Turner v. Adams*, 47 Mo. 95; *Humphreys v. Atlantic Milling Co.*, 98 Mo. *loc. cit.* 548; *Reyburn v. Mitchell*, 106 Mo. *loc. cit.* 378; *Clark v. First National Bank of Harrisonville*, 57 Mo. App. 277. This rule was fully met in the present case. The intervening creditor's claim had been reduced to a judgment, whereon execution was issued and returned unsatisfied. And, while there was evidence tending to show that each of the parties defendant to the judgment was possessed of an equity of redemption in certain real estate, it also appeared that the interest of both was only nominal on account of the excess of the indebtedness secured over the value of the mortgaged property, and that each of said parties was otherwise execution proof and owned no property, except that in dispute between them in the case wherein the intervention was made. This was sufficient to show that the intervener had no adequate remedy at law for the enforcement of its judgment. It was, therefore, entitled to the aid of equity to reach a subject-matter which could not be seized under legal process. *Humphreys v. Atlantic Milling Co., supra.*

The argument, that the property sought to be subjected by this proceeding is beyond reach because it is the funds of a receivership, is based upon a miscon-

ception of the protection afforded by law to the custody of a receiver. That protection is afforded to preserve a fund in the hands of the court until disposition by ultimate judgment between the parties. As the judgment set up in the intervening petition is against both of the parties claiming title to the fund in the hands of the receiver, it is evident that the holder of such judgment should not be postponed in its collection until its common debtors have wasted the only fund to which he can look for payment in a dispute as to the ownership thereof between themselves. An appropriation of the funds in the hands of the receiver is not against the right claimed by either party in the suit, wherein the receiver was appointed. On the contrary it is in strict conformity with the claims of each. For, whichever of the litigants may be ultimately held to be entitled to such funds, its present application would be merely a payment of an acknowledged debt due by him. According to these views, the court, on the conceded facts in the record, should enter a decree in favor of the judgment creditor, and apply to the satisfaction thereof so much of the sum left in the hands of the receiver, after the payment of the costs of the receivership up to the time of the rendition of the decree ordered herein, as will be sufficient to satisfy the judgment of the intervening creditors. To that end the decree in this case will be reversed and the cause remanded. All concur.